# EXHIBIT A

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR BAY COUNTY, FLORIDA

**FRANCISCO GARZA,**

    **Plaintiff,**

v.

**THE GEO GROUP, INC.,**

    **Defendant.**

    _____/

CASE NO.: 21-CA- 000309
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**THE GEO GROUP, INC.
c/o CORPORATE CREATIONS NETWORK, INC.
801 US HWY 1
NORTH PALM BEACH, FLORIDA 33408**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____MARCH 9_____, 2021.

CLERK OF THE CIRCUIT COURT

By: _____Jennifer Estrach_____

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR BAY COUNTY, FLORIDA

FRANCISCO GARZA,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

_____/

CASE NO.: 21-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, FRANCISCO GARZA, hereby sues Defendant, THE GEO GROUP, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, FRANCISCO GARZA, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his national origin.

4. At all times pertinent hereto, Defendant, THE GEO GROUP, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a Hispanic male, began his employment with Defendant on January 25, 2014 held the position of Correctional Officer at the time of his wrongful demotion on March 7, 2017.

7. Plaintiff was subjected disparate treatment, different terms and conditions of employment, and held to a different standard because of his national origin and/or ethnicity.

8. The mistreatment came at the hands of specifically without limitation Warden Craig Hanks, a white male.

9. Other non-Hispanic co-workers of Plaintiff were treated more favorably than Plaintiff specifically but not limited to Carl Stebbins and Chuck Cox, both white and/or American born males.

10. Plaintiff throughout his tenure had called the GEO Ethics and Compliance reporting hotline system to voice concerns about Defendant's disparate treatment of Plaintiff. However, upon information and belief, no investigation was completed.

11. On August 26, 2016, Plaintiff was involved in an incident where an inmate refused to cooperate with Officers (f/n/u) Chapman and T. Kasper and Kasper had a difficult time securing and restraining the inmate.

12. Officer Stacy Johnson saw the inmate giving the officers a hard time in the dorm and activated her alarm causing Plaintiff to arrive for assistance but was not present thereafter.

13. When Plaintiff arrived, the inmate was refusing to follow officers' instructions. While Officer Kasper attempted to apply the cuffs, the inmate jerked away as if he got pinched, pulling the inmate and Officer Kasper towards the wall. Officer Kasper was unable to control the inmate.

14. Plaintiff reports in this incident that he only ever raised his voice with the inmate, saying "STOP" and did so because the surroundings were hectic and loud, at no point did Plaintiff ever engage in the use of force. Further, Plaintiff raising his voice was enough to get the inmate to comply with all further verbal commands and allow the officers to cuff him.

15. In fact, the only physical contact during the incident was limited to Officer Kasper assisting the inmate off of the ground, redirecting the inmate to the wall, and cuffing the inmate. Any reasonable employee would have serious doubts as to whether submitting a use of force packet for this instance was necessary.

16. Immediately following the incident, Plaintiff reported it to supervisor on shift Captain Terry Gibson.

17. In addition to Plaintiff, neither Officer Kasper nor Officer Chapman filed a use of force packet as they believed this incident did not amount to a use of force and upon information and belief, both officers received only written counseling.

18. On August 27, 2016, Plaintiff was called into Inspector Hubbard's (Plaintiff's Supervisor's) office and asked why he did not call in for the incident of use of force. Plaintiff was pressed to admit it was a use of force but Plaintiff would not admit to this false allegation.

19. On December 23, 2016, Defendant instructed Plaintiff to meet with Warden Hanks on December 29, 2016 but Defendant refused to tell Plaintiff why.

20. On December 29, 2016, Warden Hanks issued Plaintiff a disciplinary action for a failure to report the use of force incident. Seeing as how four months had passed, Plaintiff was surprised to learn this incident was still under investigation in the first place. Plaintiff tried to explain his side of the story but Hanks refused to listen.

21. On January 2, 2017, Plaintiff was wrongfully demoted from his position of Lieutenant to a Correctional Officer with a substantial pay cut, shifting Plaintiff from a salaried employee at $39,926.39 annually to an hourly rate of $14.59 hourly.

22. Despite this seemingly rigid and severe implementation of company policy, when employee Chuck Cox was accused and found guilty of failing to make a statement, he received only a written counseling.

23. By way of another example, employee Carl Stebbins was involved in a use of force incident whereby DMS found the force to be excessive, not only was Mr. Stebbins not disciplined, upon information and belief, he was promoted to Captain.

24. Plaintiff attempted to fight his unfair demotion and pay cut through Defendant's appeals process twice and by going to Defendant's HR department but was unsuccessful.

25. As a direct result of Defendant's discriminatory and selective application of Company policy, Plaintiff's work with defendant became unbearable and Plaintiff felt as though he had no choice but to resign.

26. He was forced to resign on March 7, 2017.

27. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

4

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION

16.     Paragraphs 1 through 27 are realleged and incorporated herein by reference.

17.     This is an action against Defendants for discrimination based upon national origin brought under Chapter 760, Florida Statutes.

18.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's national origin in that Plaintiff was treated differently than similarly situated employees of Defendants who are born and raised in the United States and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's national origin.

19.     Defendants are liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

20.     Defendants' known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

21.     In essence, the actions of agents of Defendant TODD, which were each condoned and ratified by Defendants FSU and TMH, were based on Plaintiff's national origin and in violation of the laws set forth herein. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

22. Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon national origin in violation of Chapter 760, Florida Statutes; 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

23. As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

  (f)  award Plaintiff interest where appropriate;

  (g)  award Plaintiff punitive damages against Defendant; and

  (h)  grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 8th day of March 2021.

              Respectfully submitted,

              /s/ Marie A. Mattox
              Marie A. Mattox [FBN 0739685]
              MARIE A. MATTOX, P. A.
              203 N Gadsden St
              Tallahassee, FL 32301
              Telephone: (850) 383-4800
              Facsimile: (850) 383-4801

              ATTORNEYS FOR PLAINTIFF

MAY 27 2021